IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| VINCENT EARL BOGLIN | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION 5:11-3862-RDP-PWG |
| | ) |
| KENNETH JONES Warden; et al | ) |
| | ) |
| | ) |
| Respondents. | ) |

FINDINGS AND RECOMMENDATION

Vincent Earl Boglin, an inmate in the custody of the Alabama Department of Corrections initiated this action with a petition for a Writ of Habeas Corpus pursuant to the provisions of 28 U.S.C. 2254 challenging his conviction and the custodial sentence imposed following his guilty plea in the Circuit Court of Lawrence County Alabama on February 4, 2010 (Doc. #1) An Order to Show Cause was issued and the Respondents tendered an answer with exbitis to the petition. (Doc. # 3) The parties were advised that the answer would be considered as a motion for summary disposition and further advised that should additional evidence be required such evidence was to be submitted within 20 days. After granting Mr. Boglin an extended period of time in which to respond the court received a second submission. (Doc. # 8, margin entry of 8/29/12 and Doc. # 11 received September 12, 2012) The matter is before the undersigned in accord with the provisions of 28 U.S.C. 636 (b) & LR 72.1(b)(3)(A). For the reasons set forth below the petition is due to be DENIED in its entirety.

PROCEEDINGS BELOW

Boglin's guilty pleas arise from separate incidents occurring in June and October 2008. In June Boglin was involved in a traffic stop which resulted in three subsequent indictments for the

1

offenses of driving with a revoked driver's license (CC 08-0683), the unlawful possession of drug paraphernalia,(CC-0687) and felony possession of cocaine(CC 08-0686). In October 2008 Boglin was present during the execution of a search warrant. He was found to be in possession of a "crack pipe" with cocaine residue in the bowl. Based on the October events he was indicted on charges of misdemeanor possession of drug paraphernalia (CC08-0685) and felony possession of cocaine (08-0684). In June 2009 Boglin's attorney filed a motion seeking the suppression of evidence seized both in June and October of 2008. A hearing was held on the motion in November 2009 and in January 2010 the Circuit Court denied relief.

On February 4, 2010 Mr. Boglin, his attorney and the district attorney executed a document entitled "JOINT MOTION TO ALLOW PLEA AGREEMENT". (Doc. #3-3 p. 90) The motion informed the court that Boglin would plead guilty to the two felony cocaine possession charges (CC 08-685 (the October possession) and CC 08-686( the June possession)) Id. He was to be sentenced to fifteen years in each felony cocaine possession case with the sentences to be served concurrently with each other and concurrently with the misdemeanor sentences which were also a part of the agreement. A second document also signed by Boglin, his attorney and the district attorney entitled EXPLANATION OF RIGHTS AND PLEA OF GUILTY was filed with the court. (Id. P. 75) This document expressly noted that the charged offenses were "Class C" felonies and that the range of punishment for a class "C" felony with two prior felony convictions was from 10 to 99 years in the penitentiary. The JOINT MOTION TO ALLOW PLEA OF GUILTY had the number "2" written by hand in a sentence which read:

> Sentence is consistent with the enhancement provision of the Alabama Habitual Offender Act ,13A-5-9,Code of Alabama, having been found guilty of __2__ prior adult felonies.

(Doc. # 3-3 p. 90) While the number "2" is filled in within the preprinted form there is no check mark in a box which corresponds to the printed sentence. However, in the document entitled

"DEFENDANT'S ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT" the paragraph immediately above Boglin's signature reads:

> By their signatures below, the State, the Defendant and Defendant's attorney hereby acknowledge that they understand and voluntarily enter into this agreement and understand and agree that **the defendant will stipulate to having at least __2__ prior adult felonies which are valid convictions for enhancement purposes** under the Alabama Habitual Offender Law.... (emphasis added)

(Id. P 91)

Prior to accepting the plea the court required the State to outline the terms of the proposed settlement. The District attorney explained that with respect to the felony cocaine indictments that

> ...the State would recommend **on the basis of two prior felonies a fifteen year se**ntence,...

(Doc. # 9, Petitioner's supplemental submission, transcript of the February 4, 2010 plea hearing) The court then inquired of Boglin as follows:

> In order for this agreement to go forward, you've submitted two documents to the court. They include a Joint Motion to allow a Plea Agreement and a n Explanation of rights and a Plea of Guilty. These documents set forth certain of your rights and the terms of this plea agreement that's been stated for the record.
>
> **Before you signed each of these did you either read them or have them read to you such that you understand them ?**
>
> [Boglin] Yes, Sir.

(Id. Transcript p,.6 )(emphasis added) The court later asked Boglin:

> Do you understand the range of punishment applicable to these offenses?
>
> [Boglin] Yes, Sir.
>
> The Court: There is an allegation and there is a stipulation that you have two prior adult felonies which may be used for enhancement under the Alabama Habitual Offender Act;.. is that true?
>
> [Boglin] Yes Sir, it is

> The Court: You have notice of what those felonies are and which felonies the State or at least two felonies the State would have been used, Do you agree that they would have been able to prove under the law ?"
>
> [Boglin] Yes, sir
>
> The Court: **And the sentence that's being agreed to here is consistent and within the range of punishment that's applicable to these offenses, do you agree with that ?**
>
> [Boglin] Yes, sir.
>
> The Court : Do you have any questions about your range of punishment or the elements of the offenses ?
>
> [Boglin] No, Sir.
>
> The Court; Do you have any questions about the forms in anyway ?
>
> [Boglin] No, sir.

(Id. P 7-8) (emphasis added) The State Court then accepted the guilty pleas and imposed the sentences in conformity with the documents signed by Mr. Boglin and about which he was extensively questioned by the court during the plea colloquy. Boglin did not appeal from the proceeding nor the sentence.

In December 2010 Boglin file a petition for extraordinary relief pursuant to Rule 32, Alabama Rules of Criminal Procedure. The trial court concluded that the *pro se* petition alleged that:

> (1) Boglin's guilty plea was involuntary because he was not informed of the potential sentence;
>
> (2) he had been illegally arrested and the court lack "personal jurisdiction";
>
> (3) He had been "improperly sentenced as a habitual offender";
>
> (4) The five indictments violated the Double Jeopardy Clause ;

(5) He received ineffective assistance of counsel for allowing all of above to occur.[1] The State filed a reply and the trial court entered a written order denying relief on February 14, 2011.(Doc. # 3-3 p. 50-53) Boglin appealed. The denial of Rule 32 relief was affirmed by the Alabama Court of Criminal appeals on December 5, 2011. (Doc. 3-1) The appellate court opinion merely noted the allegations in the petition and then recited verbatim the order of the trial court followed by the single word..ced " AFFIRMED". (Id) The instant Federal Habeas Corpus petition followed .Boglin contends (1) That the plea was not voluntary because "the court" did no advised him of the minimum and maximum sentences and (2) the two cocaine conviction violated the Double Jeopardy clause of the Fifth Amendment and (3) that he was denied effective assistance of counsel. (Doc.#1)

The respondents contend in this court that the involuntary guilty plea claim was adjudicated on the merits and "...it was found [by the State Courts] that Boglin was fully informed of his rights and the range on punishment.." citing 28 U.S.C. 2254(d). (Doc. # 3 p.4) The answers also asserted that the ineffective assistance of counsel claims were without merit because the underlying issues presented in the petition were also meritless. (Id)

## APPLICABLE LAW

**2254(d) Deferential Standard of Review**

Federal courts may issue habeas corpus relief for persons in state custody pursuant to *28 U.S.C. § 2254*, as amended by the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pub.L. 104–132, § 104, 110 Stat. 1214, 1218–19 (1996). In relevant part, Section 2254 provides:

(d) An application for a writ of habeas corpus on behalf of a person in custody

---

[1] Boglin also claimed that his lawyer had failed to file motion to suppress evidence from the October 2008 search warrant on grounds the affidavit did not establish probable cause.

> pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*28 U.S.C. § 2254(d)* (2006). The Supreme Court explained the framework for Section 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Section 2254(d)(2).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court court on a question of law or if the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court decisions but unreasonably applies that principle to the facts of the prisoner's case. Id. at 412–13 (O'Connor, J., concurring). The federal habeas court "determining whether [it] should overturn the state courts' [sic] rejection of the claim at issue" should "review the highest state court decision disposing of the claim." *Harvey v. Warden, Union Corr. Inst.*, 629 F.3d 1228, 1237 (11th Cir.2011); see also *Knowles v. Mirzayance*, 556 U.S. 111, 129 S.Ct. 1411, 173 L.Ed.2d 251 (2009).

Following the *Williams* framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal state court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision."

*Lockyer v. Andrade*, 538 U.S. 63, 71–72, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). The law is "clearly established" only when the Supreme Court's holding embodies the legal principle; dicta in opinions is not controlling. *Thaler v. Haynes*, —— U.S. ——, 130 S.Ct. 1171, 1173, 175 L.Ed.2d 1003 (2010); *Bowles v. Sec'y for Dep't of Corr.*, 608 F.3d 1313, 1315 (11th Cir.2010). Furthermore, a federal court of appeals decision, "even a holding directly on point," cannot clearly establish federal law for Section 2254 purposes. *Bowles*, 608 F.3d at 1316 (citing *Renico v. Lett*, ——U.S. ——, 130 S.Ct. 1855, 1866, 176 L.Ed.2d 678 (2010)).

After identifying the governing legal principle, the court determines whether the state court adjudication is "contrary to" clearly established Supreme Court case law, either because the state court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or because it "confronts a set of facts that is materially indistinguishable from a decision of [the] Court but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141, 125 S.Ct. 1432, 161 L.Ed.2d 334 (2005); see 28 U.S.C. § 2254(d)(1). The state court does not need to cite to Supreme Court cases or even be aware of them, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002). If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of petitioner's claim. If the state court decision is not contrary to clearly established federal law, the federal habeas court must then determine whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. *28 U.S.C. § 2254(d)(1)*; *Williams*, 529 U.S. at 412–13. The federal court defers to the state court's reasoning unless the state court's application of the legal principle was "objectively unreasonable" in light of the record the court had before it. *Williams*, 529 U.S. at 409; see *Cullen v. Pinholster*, —— U.S. ——, 131 S.Ct. 1388, 1400, 179 L.Ed.2d 557 (2011).

*Section 2254 (d)* also allows federal habeas relief for a claim adjudicated on the merits in state

court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *28 U.S.C. § 2254(d)(2)*. As with the "unreasonable application" clause, the Supreme Court applies the "objectively unreasonable" test to the state court's factual determination. *Miller–El v. Cockrell*, 537 U.S. 322, 324, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (dictum). Petitioner must advance clear and convincing evidence that the state court's factual determination was "objectively unreasonable" to rebut the presumption that the determination was correct. *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir.2011); *28 U.S.C. § 2254(e)(1)*.

The writ will not issue unless petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." *28 U.S.C. § 2254(a)*. When performing its review under Section *2254(d)*, The federal court must also bear in mind that state court factual determinations are presumed to be correct, and petitioner bears the burden of rebutting that presumption by clear and convincing evidence. *28 U.S.C. § 2254(e)(1)*; see also *Crawford v. Head*, 311 F.3d 1288, 1295 (11th Cir.2002) (AEDPA provides for a "highly deferential standard of review" for factual determinations made by a state court); *Jackson v. Anderson*, 112 F.3d 823, 824–25 (noting petitioner has heavier burden to overcome the presumption of factual correctness). "If this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, —— U.S. ——, 131 S.Ct. 770, 785–86, 178 L.Ed.2d 624 (2011).

**Ineffective Assistance of counsel claims -Deference**

When a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim under the standards of *Strickland v. Washington*, [466 U.S. 668, 677–78, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)] are subject to the presumption of correctness, while the performance and prejudice components are mixed questions of law and fact. *Collier v. Turpin*, 177 F.3d 1184, 1197 (11th Cir.1999). " 'The pivotal question is whether the state

court's application of the *Strickland* standard was unreasonable, [which] is different from asking whether defense counsel's performance fell below *Strickland*' s standard.' " *Jones v. Sec'y, Dep't of Corr.*, 644 F.3d 1206, 1209 (11th Cir.2011) (quoting *Harrington*, 131 S.Ct. at 785). Habeas claims of ineffective assistance of counsel require "doubly deferential" judicial review under Section 2254(d) and *Strickland,* and petitioners only rarely prevail on this ground. See *Rogers v.* Zant, 13 F.3d 384, 386 (11th Cir.1994)

## APPLICATION OF LAW TO FACT

**The Involuntary Guilty Plea Claim**

The underpinnings of Bolgin's claim that his guilty plea was involuntary because court did not advise him of the maximum and minimum sentences which might be imposed are found in *Boykin v. Alabama*, 395 U.S. 238, 242–43, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) In *Boykin* the Court held that the Due Process Clause requires a court accepting a guilty plea to carefully inquire into the defendant's understanding of the plea, so the record contains an affirmative showing that the plea was intelligently and voluntarily entered.[2] Voluntariness implicates "[i]gnorance, incomprehension," and "inducements" as well as "coercion, terror" and "threats." *Boykin,* 395 U.S. at 242-43, 89 S.Ct. 1712, 23 L.Ed.2d___; *Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir.) (en banc), cert. denied, 502 U.S. 835, 112 S.Ct. 116, 116 L.Ed.2d 85 (1991).( "[W]hen it develops that the defendant was not fairly apprised of its consequences" or when "the defendant pleads guilty on a false premise" in the prosecution's plea agreement, a guilty plea violates the Due Process Clause.) "[I]gnorance of the consequences of a guilty plea may require its rejection." *Stano*, 921 F.2d at 1141 (citing *Boykin*, 395 U.S. at 243-44, 89 S.Ct. at 1712).

There is no question that the Rule 32 Court and the Alabama Court of Criminal Appeals

---

[2] *Boykin* itself says nothing at all about the defendant's understanding of maximum and minimum penalties but the concept has become a component of the "Boykin Colloquy" in any case.

correctly determined the applicable constitutional issue to be the voluntariness of the February 4, 2010 guilty plea . There is also no question that the Rule 32 Court made express findings of fact with regard to the claim.  Indeed the Rule 32 Court found that

> Having presided over the Petitioner's guilty plea where the court ascertained in colloquy that Mr. Boglin knowingly, intelligently and voluntarily entered into his plea agreement ........Before entering his guilty plea, Mr. Boglin confirmed to the court, after thorough questioning, that he had been fully informed by his attorney of his rights and the range of punishment to be imposed pursuant to the agreement...State's Exhibit 'A' the Joint Motion to Allow Plea of Guilty filed on February 4, 2010 and signed by the Petitioner, his attorney and the Assistant District Attorney, clearly lists Petitioner's separate charges, the incarceration period for each ....Moreover, the State provided defense counsel with certified records of Boglin's prior felony convictions, and the petitioner admitted to having at least two prior valid felony convictions that would be used for enhancement under the Alabama Habitual Felony Offender law.  He also indicated his understanding of the consequential total term of years to serve, and acknowledged in colloquy and by his signature that a class C felony conviction, coupled with two prior adult felony convictions, would carry the agreed sentence of 15 years.

(Doc. 3-1, p4 quoting the Rule 32 court order of 2/14/11 Doc. #3-3 p. 50-53)

It is axiomatic that when accepting a guilty plea the trial court is making a finding of fact with respect to the voluntariness of the act based in part upon the court's observations at the time the plea is entered.  a trial court may not accept a guilty plea without an affirmative showing on the record that the plea was intelligent and voluntary.  The State Circuit Court did so in this case. (Doc. # 9, transcript p. 13) In reviewing the Rule 32 petition the trial court relied upon (1) The documents submitted at the time of the plea, which were as part of the court file reviewed by the Court of Criminal Appeals and (2) the court's own recollection of the plea colloquy. The latter consideration was set out in the Rule 32 order.  The historical facts as found by the Rule 32 court included the "fact" that Boglin had been fully informed of the consequences of entering his plea.  The appellate court affirmed the existence of  this fact apparently by concluding  that the documents in the court file provided evidence to support the recollections contained in the trial court's order. The  record before

the appellate court contained nothing more on the subject. There was no transcript of the guilty plea proceeding before the appellate court. The trial court had denied Boglin's request for a transcript. Whether this record is sufficient to sustain the factual findings made by the Alabama courts become moot in light of the record before this court. While the Alabama Appellate Court did not have the benefit of the transcript as set out in some detail above, this court does and the entire record establishes without doubt that the ultimate finding, that the plea was voluntary is entitled to 2254 (d) deference.[3] Mr. Boglin has failed to provide clear and convincing evidence that the factual findings were unreasonable. He has failed to establish that under those facts the disposition of the Federal Constitutional issue was unreasonable.

In context Mr. Boglin's claim is not that he was not informed of the sentencing range but that he now objects to the manner in which he was informed and challenges how that process comports with the requirements of the due process clause. He cites to *Rule 14, Alabama Rules of Criminal Procedure* in support of this challenge. While it is true that Alabama Courts have held that plea documents of the type set out above "....alone, [are] insufficient to establish the voluntariness of a plea," *Waddle v. State*, 784 So.2d 367, 370 (Ala.Crim.App.2000). However Alabama law is clear that "Rule 14.4(d), Ala.R.Crim.P., specifically allows [such documents] to be used to supplement the guilty-plea colloquy under *Rule 14.4(a), Ala.R.Crim.P.*, if the trial court determines 'from a personal colloquy with the defendant that the defendant has read, or has had read to [him], and understands each item' in the [plea document] form(s)." Id.[4] That is exactly what happened on February 4, 2010

---

[3] That is not to say that the finding would not be sustained by the record as it existed before the Court of Criminal Appeals. It may or may not be. It doesn't matter, because for Federal Habeas purposes the record in this court makes clear Mr. Boglin's plea was voluntary. Put another way the transcript fully supports the Rule 32 Court's findings based upon trial court's recollection of the events of February 4, 2010.

[4] Here there two separate documents. In many Alabama courts such documents are known as "*Ireland*" forms. An Ireland form advises a defendant facing criminal prosecution of his constitutional rights. See *Ireland v. State*, 47 Ala.. App. 65, 250 So.2d 602 (1971). However,

when Boglin entered his plea. Boglin was extensively questioned about the content of the documents he signed which clearly detail the information Boglin now contends he did not receive. Under clearly established Alabama law the *Boykin* requirements are satisfied in this manner and the trial court's reliance on Boglin's statements made under oath as to his review of the plea documents was fully warranted. Because initial finding that the plea was voluntary comports with the due process clause Mr. Boglin is not entitled to relief. The Rule 32 court's second finding that the plea was voluntary is supported by the reference to the plea documents. The Rule 32 court's finding of voluntariness based upon its own recollections and the plea documents entitles the Appellate Court's finding on the issue to a presumption of correctness which has not been overcome by "clear and convincing evidence to the contrary."

**The Ineffective Assistance of Counsel Claims**

As independent substantive claims Mr. Boglin's contentions that the indictments (1) in some manner violated the Fifth Amendment proscription against double jeopardy, (2) that he was improperly sentenced as a habitual offender, and (3) that he had been unlawfully arrested are barred from Federal Collateral Review. These issues could have been but were not raised before trial or on appeal.[5] The Rule 32 Court and the Alabama Court of Criminal Appeals applied State procedural rules in holding the claims to be barred. While ineffective assistance of counsel can constitute cause for a procedural default and permit federal review of the defaulted claim it will not do so here. The state respondents did briefly address the "merits" of these underlying assertions but only in the

---

a signed Ireland form is insufficient by itself to establish the voluntariness of a guilty plea; also required for analysis is the guilty plea colloquy wherein the trial court ascertains that the defendant has read, or has had read to him, and understands each item on the form. *Harris v. State*, 916 So.2d 627 (Ala.Crim.App.2005).

[5] His related claim that the trial counsel failed to inform him that his motion to suppress had been denied is frivolous.

context of a Sixth Amendment ineffective assistance of counsel claims. The Alabama courts found that because that the claims were meritless in that context Boglin had not denied counsel under the Sixth Amendment. This finding is reviewed below.

**Cocaine possession charges-Double Jeopardy**

The Rule 32 court found that the claim was not raised on appeal and therefore barred from review. Mr. Boglin has not shown cause and prejudice to overcome that bar although he asserts a Sixth Amendment violation. As a factual matter two separate laboratory reports dated March 17, 2009 and January 13, 2010 noted the presence of cocaine residue on items taken from Boglin in June and October 2008(Doc. 3-3). Boglin claims that he cannot be charged with possession of drug paraphernalia and the residue contained in the "crack pipes". He is wrong. Under Alabama law felony possession of a controlled substance "requires merely 'possess[ion] [of] ... controlled substances.' Ala.Code § 20–2–70(a) (1975)." *McClendon v. State*, 513 So.2d 102,105(Ala. Crim. App 1986) As specifically noted by the trial court when accepting Boglin's plea "...there is no lawful way to posses (sic) crack cocaine.." (Doc. #11, transcript p12) The possession of cocaine is a felony without regard to quantity. See e.g. *Chambers v. State* 38 So.3rd 105(Ala. Crim. App. 2009) Drug paraphernalia defined under Alabama law *inter alia* as all equipment, products,........designed for use in......ingesting, inhaling or otherwise introducing into the human body a controlled substance...."*Section 13A–12–260 of the Code of Alabama, 1975*. The possession of such devices is a misdemeanor criminal offense under Alabama whether or not the devices actually contain a controlled substance.

The Double Jeopardy Clause provides that no "person [shall] be subject for the same offence to be twice put in jeopardy of life or limb." We have long recognized that the Double Jeopardy Clause does not prohibit the imposition of all additional sanctions that could, " 'in common parlance,' " be described as punishment. *United States ex rel. Marcus v. Hess*, 317 U.S. 537, 549, 63 S.Ct. 379, 387, 87 L.Ed. 443 (1943) (quoting Moore v. Illinois, 14 How. 13, 19, 14 L.Ed. 306 (1852)). The Clause

protects only against the imposition of multiple criminal punishments for the same offense, *Helvering v. Mitchell*, 303 U.S. 391, 399, 58 S .Ct. 630, 633, 82 L.Ed. 917 (1938); see also *Hess*, supra, at 548–549, 63 S.Ct., at 386–387 ("Only" "criminal punishment" "subject [s] the defendant to 'jeopardy' within the constitutional meaning"); *Breed v. Jones,* 421 U.S. 519, 528, 95 S.Ct. 1779, 1785, 44 L.Ed.2d 346 (1975) Mr. Boglin appears to argue that the possession of a crack pipe containing crack cocaine residue is the same offense for Fifth Amendment purposes.

The double jeopardy clause encompassed in the Fifth Amendment to the United States Constitution protects against multiple punishments for the same offense. *Ohio v. Johnson*, 467 U.S. 493, 498 (1984); *Williams v. Singletary*, 78 F.3d 1510, 1512 (11th Cir.1996). Multiple convictions arising from the same criminal transaction do not violate the double jeopardy clause if each of the offenses requires proof of a fact that the other does not. *Blockburger v. United States*, 284 U.S. 299, 304 (1932). [W]here the two offenses for which the defendant is punished or tried cannot survive the "same elements" test [of *Blockburger v. United States*, 284 U.S. 299, 304 (1932) ], the double jeopardy bar applies. The same elements test, sometimes referred to as the "*Blockburger*" test, inquires whether each offense contains an element not contained in the other; if not, they are the "same offense" and double jeopardy bars additional punishment and successive prosecution. *United States v. Dixon,* 509 U.S. 688, 696 (1993) (citations omitted). This analysis is "essentially one of legislative intent." *Johnson,* 467 U.S. at 499. It is concerned only with the statutory elements of the offenses, and does not concern the evidence presented at trial. See *Grady v. Corbin*, 495 U.S. 508, 521 n. 12 (1990). Under the applicable Constitutional test Boglin's claim is without merit.

To determine if an ineffective-assistance claim is meritorious, the court must determine if the underlying substantive claim is meritorious, as counsel is not ineffective for failing to raise a meritless claim. See *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir.2000); Because Boglin's claim is without merit the "failure" to present the claim cannot constitute ineffective assistance of counsel.

*Brown v. Virginia*, No. 1:10cv162 (JCC/IDD), 2011 WL 1897432, at 3 (E.D.Va. May 18, 2011) (§ 2254) ("[I]t is well established that a meritless ineffective assistance of counsel claim cannot excuse a procedural default.") (citation omitted); *Taylor v. Rivera,* No. 07 Civ. 8668(PKC)(DF), 2011 WL 4471919, at 10 (S.D.N.Y. Apr. 18, 2011) (§ 2254) ("Petitioner's ineffective assistance of counsel claim therefore lacks merit, and Petitioner cannot rely on it as a basis to excuse his procedural default[.]") (citations omitted), report & recommendation adopted, 2011 WL 4472146 (S.D.N.Y. Sept. 27, 2011).

**Habitual offender claim**

While Boglin has asserted that his counsel permitted him to be unlawfully sentenced as a habitual offender the record belies factual basis for the claim. Boglin himself signed the plea agreement form which affirmatively relieved the State from further proof requirements and later confirmed under oath to the court that he had two prior felony convictions. Under well settled Alabama law, when a defendant "admits prior felony convictions, they are deemed proven for purposes of § *13A-5-9, Ala.Code 1975." Kaska v. State*, 740 So.2d 475, 477 (Ala.Cr.App.1998); *Ex parte Chambers*, 522 So.2d 313 (Ala.1987) (defendant's admission of prior felony convictions sufficient proof for purposes of sentence enhancement under the Habitual Felony Offender Act); *Whitt v. State,* 461 So.2d 29, 30 (Ala.Cr.App.1984*)* (stipulation of prior felony convictions by a defendant sufficiently admits all elements necessary to prove the convictions and such stipulation relieves the State of the burden of otherwise proving the prior convictions); *Burrell v. State*, 429 So.2d 636, 640 (Ala.Cr.App.1982) (same). There is no merit to the claim.

**The Unlawful arrest claim**

Like the double jeopardy claim and the habitual offender claim this issue is barred from Federal review. In any case the conclusory allegation is without merit. The trial court held a hearing on the motion to suppress filed by Boglin which challenged the traffic stop search and the search

15

conducted when he was found in the area being searched pursuant to a warrant. Boglin was not taken into custody on either occasion. He was arrested only after a warrant was issued by a neutral and detached Magistrate. The affidavits attached to the warrants are sufficient to establish probable cause for the arrest.

## RECOMMENDATION AND NOTICE

For the reasons stated above it is recommended that the petition be **DENIED.**

Any party may file specific written objections to this report with seventeen (17) days of the date it is filed with the office of the Clerk. Any objection filed must specifically identify the finding in the Magistrate Judge's recommendation to which the objection pertains. Frivolous, conclusory or general objections will not be considered by the District Judge. Failure to file written objections to the recommendation will bar the party attacking on appeal the factual findings accepted or adopted by the District Judge except upon proof of plain error or manifest injustice. *Nettles v. Wainwright,* 677F2d. 404(5th Cir. 1982) It is not necessary for the petitioner to repeat his legal arguments. He must however identify the legal conclusion to which he objects. The right to file objections is not an opportunity to make new allegations or submit additional evidence. A copy of the written objections must be served upon all other parties to the action.

Done this the 27th day of December, 2013.

PAUL W. GREENE

UNITED STATES MAGISTRATE JUDGE